IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK HERRERA, | § § | |
| *Plaintiff,* | § § | SA-23-CV-01031-XR |
| vs. | § § § | |
| JUDGE OSCAR J. KAZEN, BEXAR COUNTY, JUDGE PROBATE COURT NO. 1, OFFICIAL CAPACITY; | § § § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and Complaint [#1], which was automatically referred to the undersigned upon filing for disposition and a review of the pleadings pursuant to 28 U.S.C. § 1915(e). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs associated with this case. Plaintiff has also filed a "Motion to Vacate All Orders" [#2], asking the Court to vacate all orders by Defendant Judge Oscar J. Kazen of the Bexar County Probate Court #1. The undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Having considered the motions and documentation provided by Plaintiff, the undersigned will recommend Plaintiff's motion to proceed IFP be granted but that his Complaint be dismissed pursuant to 28 U.S.C. §1915(e).

## I.  Analysis

A.     **Plaintiff's motion to proceed IFP should be granted.**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff does not have sufficient monthly resources available to pay the filing fee.  The undersigned will therefore recommend that Plaintiff's motion to proceed IFP be granted.

B.     **Plaintiff's Complaint should be dismissed.**

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint sues Judge Oscar J. Kazen, a Bexar County Probate Judge.  Plaintiff alleges that Judge Kazen denied him access to the Courts, denied him due process of law, and discriminated against him due to his poverty, resulting in the loss of his home and other property in violation of 42 U.S.C. § 1983.  Plaintiff asks the Court to vacate all orders entered by Judge Kazen related to his case in the probate court.

Plaintiff's Complaint must be dismissed.  Judges enjoy judicial immunity from suit as to those acts taken in their judicial capacity.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This immunity is not overcome by allegations of bad faith or malice.  *Id.*  Because Plaintiff's

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

Complaint attempts to sue Judge Kazen for acts taken in his judicial capacity, Plaintiff's Complaint should be dismissed.

## II.  Order and Recommendation

Having considered Plaintiff's Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] be **GRANTED** but Plaintiff's Complaint be **DISMISSED** pursuant to Section 1915(e).

## III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds

of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 25th day of August, 2023.

                                                      _____
                                                     ELIZABETH S. ("BETSY") CHESTNEY
                                                     UNITED STATES MAGISTRATE JUDGE