IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK HERRERA,<br>　　　*Plaintiff*<br><br>-vs-<br><br>JUDGE OSCAR J. KAZEN, BEXAR<br>COUNTY, JUDGE PROBATE COURT<br>NO. 1, OFFICIAL CAPACITY;<br>　　　*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-23-CV-01031-XR |

## ORDER

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation in the above-numbered and styled case, filed August 25, 2023 (ECF No. 5), concerning Plaintiff Frank Herrera's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and Complaint (ECF No. 1), and Plaintiff's objections thereto (ECF No. 12).

## BACKGROUND

On August 18, 2023, Plaintiff Frank Herrera initiated this action against Judge Oscar J. Kazen, a Bexar County Probate Judge. ECF No. 1-1. He did so seeking to proceed *in forma pauperis* ("IFP"). ECF No. 1. Plaintiff's proposed complaint alleges that Judge Kazen denied him access to the courts, denied him due process of law, and discriminated against him due to his poverty, resulting in the loss of his home and other property in violation of 42 U.S.C. § 1983, seeking the return of his home and damages of nearly $17,000,000. ECF No. 1-1 at 3–5. Plaintiff also filed a motion to vacate all orders issued by Judge Kazen related to his case. ECF No. 2.

On August 25, 2023, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's motion to proceed IFP be granted but that his Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that, notwithstanding any filing fee, courts shall dismiss actions that (1) are frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. Here, the Magistrate Judge concluded that Plaintiff's Complaint must be dismissed because judges enjoy judicial immunity from suit as to those acts taken in their judicial capacity. *Mireles v. Waco,* 502 U.S. 9, 11 (1991). Judicial immunity cannot be overcome by allegations of bad faith or malice. *Id.* Because Plaintiff's Complaint seeks to sue Judge Kazen for acts taken in his judicial capacity, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed.

On August 30, 2023, Plaintiff filed a "Supplement to Motion to Vacate all Orders." ECF No. 8. Plaintiff also timely filed his objections to the Magistrate Judge's recommendations on August 31, 2023, six days after the Report and Recommendation was filed. ECF No. 12.

## DISCUSSION

### I. Legal Standard

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review de novo any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.; see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989)

## II.    Analysis

Plaintiff's supplement to motion to vacate all orders (ECF No. 8) simply restates his position that the actions taken by Judge Kazen in his judicial capacity require that his orders in the probate court be vacated. Plaintiff asserts that the judicial authorization of the sale of his property violated his constitutional due process rights, ECF No. 8 at 2, and that Judge Kazen "lost his immunity when he signed an order to seizure of real estate." ECF No. 12 at 1.

Judicial immunity precludes Plaintiff from bringing a suit against Judge Kazen for damages and retrospective injunctive relief on the basis of acts undertaken in his judicial capacity. *See Mireles,* 502 U.S. at 11; *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1983).[1] In short, "[i]ndependent lawsuits against presiding judges are not the appropriate vehicle for disgruntled litigants to obtain a reversal of adverse judgments." *Rutherford v. U.S. Dist. Cts.*, No. 10-2801, 2010 WL 3801017, at *1 (E.D. La. Sept. 2, 2010); *see also Montesano v. New York*, Nos. 05-CV-9574(GBD), 05-CV-10624(GBD), 2006 WL 944285, at *4 (S.D.N.Y. 2006) ("Neither damages, injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments."). To the extent that Plaintiff was dissatisfied with Judge Kazan's rulings, his recourse was to file an appeal.

---

[1] While judicial immunity does not protect a judge from claims for prospective injunctive relief, the injunctive relief requested in the proposed complaint—the return of his property and reversal of all of Judge Kazen's orders in his case—are clearly retrospective in nature. Furthermore, Section 1983 only allows for prospective injunctive relief against a judicial officer for an act or omission in his judicial capacity if a "declaratory decree was violated or declaratory relief [is] unavailable." 42 U.S.C. § 1983; *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). Plaintiff has not alleged that a declaratory decree was violated.

Given the frivolous and conclusory nature of these objections, the Court need not conduct a de novo review of the Magistrate Judge's recommended disposition. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). The Court finds the Report and Recommendation to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendations that Plaintiff's Motion for Leave to File Verified Complaint (ECF No. 1) be **GRANTED** but that his Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's recommendation that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 1) be **GRANTED** but Plaintiff's Complaint be **DISMISSED** pursuant to Section 1915(e). A final judgment pursuant to Rule 58 will follow.

The Clerk is **DIRECTED** to mail a copy of this Order to Frank Herrera at 1523 SW 18th St., San Antonio, Texas 78207.

It is so **ORDERED**.

SIGNED this 18th day of September, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE